NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30044 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-05133-BHS-1 |
| v. | |
| HILARIO ORTIZ-CALDERON, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30045 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 3:08-cr-05312-BHS-1 |
| HILARIO ORTIZ-CALDERON, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted May 8, 2018**
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Before: GOULD and IKUTA, Circuit Judges, and FREUDENTHAL,*** District Judge.

Hilario Ortiz-Calderon pleaded guilty to being a felon in possession of a firearm and to illegal re-entry. After a bench trial he was convicted of possession of methamphetamine with the intent to distribute. Before the trial, Ortiz-Calderon moved to suppress drug evidence seized from his garage and statements he made to officers around the time of his arrest. After an evidentiary hearing, the district court found that Ortiz-Calderon and his wife, Sandra Mercado, had voluntarily consented to a search of the house and garage and that his statements were admissible because he had voluntarily, knowingly, and intelligently waived his *Miranda* rights. We affirm.

We review a district court's denial of a motion to suppress *de novo*. *United States v. Ewing*, 638 F.3d 1226, 1229 (9th Cir. 2011). A district court's factual findings are reviewed for clear error. *Id*. A district court's assessment of whether consent to search was voluntarily given is also reviewed for clear error. *United States v. Brown*, 563 F.3d 410, 414 (9th Cir. 2009).

Ortiz-Calderon first argues that neither he nor Mercado consented to a search of the garage—where methamphetamine was found. In assessing the

---

*** The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

2

voluntariness of consent, we look to the totality of the circumstances, and consider the following five factors: "(1) whether the person was in custody; (2) whether the officers had their guns drawn; (3) whether a *Miranda* warning had been given; (4) whether the person was told that he had the right not to consent; and (5) whether the person was told that a search warrant could be obtained." *United States v. Reid*, 226 F.3d 1020, 1026 (9th Cir. 2000).

The district court found that Ortiz-Calderon was in custody when he gave his consent, but that the arrest was peaceable and that no officer touched or drew his firearm. It further determined that Ortiz-Calderon was read *Miranda* warnings in Spanish, that he was informed that he had the right to refuse consent to the search and to limit the scope of the search, and that there was no evidence he was told that a warrant could be obtained if consent was refused. Testimony in the record supports the district court's conclusions on each point. We hold that the district court did not clearly err in finding that Ortiz Calderon consented to the search.

Similarly, the district court did not err in finding that Mercado consented to a search of the garage. Mercado signed a consent to search form that explicitly allowed for a search of "outbuildings." The form also made clear that she could revoke or limit consent at any time. The district court also found that Mercado understood English well, that the officers did not threaten her, and that she was not

3

told that a warrant would be sought if she refused consent. The record supports these findings.

Ortiz-Calderon next seeks to suppress statements he made to officers after his arrest. Statements made by a defendant in custody are admissible only if the defendant's waiver of his *Miranda* rights was "voluntary, knowing, and intelligent." *United States v. Garibay*, 143 F.3d 534, 536 (9th Cir. 1998) (quoting *United States v. Binder*, 769 F.2d 595, 599 (9th Cir. 1985)). For a waiver to be voluntary, the defendant must be aware of "the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burbine*, 475 U.S. 412, 421 (1986). Here, looking to the totality of the circumstances, the district court found that Ortiz-Calderon had voluntarily, knowingly, and intelligently waived his *Miranda* rights.

Ortiz-Calderon does not deny that he was read his *Miranda* rights. He argues, however, that some of his statements were made before being read his rights, and that those statements should be suppressed. The district court found otherwise, crediting the testimony of Officer Martinez, who said that Ortiz-Calderon was not questioned before Officer Martinez read him his rights in Spanish. Some testimony suggests that Officer Haggerty questioned Ortiz-Calderon before Officer Martinez gave the *Miranda* warnings. But the testimony is ambiguous, and the district court resolved any factual dispute by crediting

4

Officer Martinez's testimony. Factfinder credibility assessments are afforded deference. *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Mercado-Moreno*, 869 F.3d 942, 959 (9th Cir. 2017) (quoting *Anderson*, 470 U.S. at 574). Here, the district court's finding that Ortiz-Calderon was not questioned before being read his rights is not clearly erroneous.

Even if we were to assume that Ortiz-Calderon made statements before being read his rights, and that those statements should have been suppressed, any error was harmless. *See United States v. Butler*, 249 F.3d 1094, 1098 (9th Cir. 2001). Statements that Ortiz-Calderon made after Officer Martinez read him his rights, together with other evidence, are sufficient to support conviction.

Finally, Ortiz-Calderon argues that Federal Rule of Criminal Procedure 12(d) requires the district court to explicitly resolve all discrepancies in the record. In support of this conclusion, he cites to *United States v. Prieto-Villa*, 910 F.2d 601 (9th Cir. 1990). However, *Prieto-Villa* holds only that a district court must make factual findings and that an appellate court will not affirm based on a conflicting record that could support a denial of a motion to suppress. *Id.* at 607–08. Federal Rule of Criminal Procedure 12(d) requires only that a court "state its essential findings on the record." An essential finding is one that is necessary for appellate

review of the legal conclusions involved. *Prieto-Villa*, 910 F.2d at 610. Here, the district court made factual findings, supported by the record, that were sufficient to conclude that Ortiz-Calderon knowingly, voluntarily, and intelligently waived his *Miranda* rights, and to conclude that Ortiz-Calderon and his wife both consented to the search of the garage. Those findings satisfy Rule 12(d). We decline to address Ortiz-Calderon's argument that his sentence was substantively unreasonable because it was not distinctly argued on appeal. *See Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997).

**AFFIRMED.**